IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.   Criminal No. 3:09cr192

CRAIGORY LAMONT WYATT

## MEMORANDUM OPINION

This matter is before the Court on the Defendant's MOTION TO DISMISS (Docket No. 8). For the reasons set forth below, the MOTION TO DISMISS (Docket No. 8) is denied.

## BACKGROUND

The Defendant, Craigory Lamont Wyatt, is charged in a June 15, 2009 indictment for failure to register as required by the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250. The record shows that, on January 22, 1999, Wyatt was convicted and sentenced of "Attempt Sexual Assault with a Minor Under Sixteen Years of Age (Felony)" in the District Court of Clark County, Nevada. (Def. Ex. 2.) Upon his release in November 2005, Wyatt signed a Lifetime Supervision

Agreement which required him to comply with all sex offender registration requirements.[1] (Def. Ex. 3.)

On July 27, 2006 Congress enacted SORNA, which expanded the information required to be provided in the sex offender registry and created a federal requirement that sex offenders "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). SORNA also criminalized the failure to register. 18 U.S.C. § 2250(a).

On November 23, 2007, Wyatt was arrested in Richmond for a California parole violation. (Gov. Response at 1.) On that date, Wyatt was identified as an unregistered sex offended and, while in custody, signed a Sex Offender Registration Requirements form. (Id.) The form notified Wyatt of the requirement that he register as a sex offender in Virginia, specifically within 3 days of release from a correctional facility or change of residence within Virginia. (Id. at 1-2.) Wyatt was later extradited to California and released in February 2008. (Id. at 2.)

In May 2008, Wyatt obtained a Virginia Identification card from the Virginia DMV and was employed in Chester,

---

[1] While Wyatt asserts that he does not recall signing the Agreement, he does not contest its validity for purposes of this motion only.

2

Virginia from November 2008 through April 2009. He was pulled over for speeding on or about May 10, 2009 and arrested for an outstanding capias from the City of Richmond Juvenile and Domestic Relations Court. (Def. Mot. at 2-3.) Further investigation lead to the current charge. (Id. at 3.)

## DISCUSSION

### I. The Legal Standard

FED. R. CRIM. P 12(b)(3)(B) permits a court to dismiss an indictment if it is defective. An indictment is defective if it alleges a violation of an unconstitutional statute. See In re Civil Rights Cases, 109 U.S. 3, 8-9 (1883).

Wyatt argues that the indictment is defective because (1) 18 U.S.C. § 2250(a) is not valid under the Commerce Clause; and (2) the United States Attorney General (the "Attorney General") violated the Administrative Procedure Act (the "APA") when he retroactively applied the Sex Offender Registration and Notification Act to persons who committed offenses prior to its enactment. (Def. Mot. at 1.) Wyatt's argument on each point is foreclosed by the

3

Fourth Circuit decision in <u>United States v. Gould</u>, 568 F.3d 459 (4th Cir. 2009).[2]

**II. Authority Under the Commerce Clause**

"Every statute is presumed to be constitutional." <u>Munn v. Illinois</u>, 94 U.S. 113, 123 (1876). And, "[t]he courts ought not to declare one to be unconstitutional, unless it is clearly so." <u>Id.</u> Thus, to establish that a statute is unconstitutional, a defendant must make a "plain showing that Congress has exceeded its constitutional bounds." <u>United States v. Morrison</u>, 529 U.S. 598, 607 (2000).

Of course, "[e]very law enacted by Congress must be based on one or more of its powers enumerated in the Constitution." <u>Id.</u> Wyatt first argues that Congress exceeded its authority under the Commerce Clause in enacting 18 U.S.C. § 2250(a) which provides that:

> (a) Whoever—
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2)(A) is a sex offended as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

---

[2] The defendant in <u>Gould</u> has filed a petition for writ of certiorari with the Supreme Court of the United States. That, of course, does not alter the effect of <u>Gould</u> as the controlling law of the circuit.

4

> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
> Shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

The Constitution gives Congress power to "regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. CONST. art. I, § 8, cl. 3. Under its commerce power, Congress has authority to regulate three categories of activity: (1) the "use of the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce;" and (3) activities that "substantially affect interstate commerce." United States v. Lopez, 514 U.S. 549, 558-59 (1995); see also Morrison, 529 U.S. at 608-09.

The Courts of Appeals to have considered the issue, including the Fourth Circuit, consistently have upheld SORNA as a valid exercise of congressional power under the Commerce Clause. Gould, 568 F.3d at 475; accord United States v. Ambert, 561 F.3d 1201, 1210 (11th Cir. 2009); United States v. Hinckley, 550 F.3d 926, 941 (10th Cir. 2008); United States v. Mays, 535 F.3d 912, 921 (8th Cir. 2008).

5

In Gould, the Fourth Circuit first stated that the elements of a SORNA failure to register offense are that "the defendant (1) was required to register under 42 U.S.C. § 16913(a); (2) was previously convicted of a sex offense [ ] *or* traveled in interstate commerce; and (3) *knowingly* failed to register as required by § 16913(a)." Gould, 568 F.3d at 470. As the Fourth Circuit noted, even if failing to register were a purely local activity, the defendant must also travel in interstate commerce to violate the statute, which implicates interstate commerce. Id. Indeed, according to the Fourth Circuit, the conduct criminalized under SORNA involves both the use of the channels of interstate commerce and the instrumentalities of, or persons in, interstate commerce. Id. at 471.

In addition to holding that SORNA regulates activities related to the use of the channels and instrumentalities of interstate commerce, the Fourth Circuit indicated that SORNA represented a comprehensive national scheme for the registration of sex offenders to address a problem that substantially affects interstate commerce. Id. at 472. According to the Court of Appeals, Congress rationally "perceive[d] a need to create *national* standards for sex-offender registration and notification" when the high incidence of sex offender recidivism was coupled with

6

interstate movement of sex offenders seeking to avoid state registration. Id. at 473.

The holding in Gould notwithstanding, Wyatt argues that the Supreme Court decisions in Lopez and Morrison compel an opposite conclusion. SORNA is distinct from the statutes at issue in those cases because SORNA contains a jurisdictional element -- that the defendant must have travelled in interstate commerce -- that were not present in Lopez and Morrison. Moreover, the Fourth Circuit was certainly cognizant of the rulings in Lopez and Morrison when it decided Gould. Despite those decisions, and presumably having considered them, the Fourth Circuit held that SORNA was a valid exercise of congressional power under the Commerce Clause. As a result of that holding, there is no defect in the indictment and the motion to dismiss must be denied.

### III. The APA

Wyatt also argues that the indictment is defective and warrants dismissal because the Attorney General violated the APA when he applied SORNA retroactively. (Def. Mot. at 10.) The APA requires an agency to publish advance notice of proposed rulemaking in the Federal Register and "give interested persons an opportunity to participate in the

rule making through submission of written data, views, or arguments." 5 U.S.C. § 553(b) & (c). An agency may only forego notice and comment when the agency finds for good cause that notice and comment are "impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b).

When it passed SORNA, Congress delegated the responsibility to decide whether its terms would be applied retroactively to the Attorney General. 42 U.S.C. § 16913(d). In response, the Attorney General promulgated 28 C.F.R. § 72.3, which provided that SORNA's requirements applied to all sex offenders, including those convicted before SORNA's enactment. 28 C.F.R. § 72.3. This regulation was promulgated without the notice and comment period required by the APA. According to the Attorney General, it was necessary to forego notice and comment to "eliminate any possible uncertainty about the applicability of [SORNA's] requirements." 72 Fed. Reg. 8894, 8896 (February 28, 2007). Additionally, the Attorney General stated that "[d]elay in the implementation of this rule would impede the effective registration of such sex offenders and would impair immediate efforts to protect the public from sex offenders who fail to register." Id.

In Gould, the defendant argued that the regulation retroactively applying SORNA violated the APA's notice and comment mandate and that the Attorney General's reliance on the good cause exception was misplaced. Gould, 568 F.3d at 469. Citing the Attorney General's statement, quoted above, the Fourth Circuit concluded that the Attorney General "had good cause to invoke the exception to providing the 30-day notice." Id. at 470. Specifically, the Fourth Circuit found that there was a need for certainty as to SORNA's applicability and a concern for public safety that sex offenders be registered pursuant to SORNA as quickly as possible. Id.

Both the Sixth Circuit and the dissent in Gould reached an opposite conclusion- that the Attorney General lacked good cause to dispense with the notice and comment period. United States v. Cain, 583 F.3d 408 (6th Cir. 2009); Gould, 568 F.3d at 477 (Michael, J., dissenting).[3] Notwithstanding the Sixth Circuit's decision in Cain and the dissent in Gould, the Fourth Circuit's decision in Gould forecloses a contrary decision by this Court. Because the Fourth Circuit has held that the Attorney

---

[3] The decision in Cain and the dissent in Gould are thorough and well-reasoned considerations of the issue. And, it may be that the reasoning in those cases will prevail before the Supreme Court. But, Gould is the controlling law in the Fourth Circuit.

9

General complied with the APA, the indictment charging the Defendant is not defective on APA grounds and the motion to dismiss will be denied.

## CONCLUSION

For the foregoing reasons, the defendant's MOTION TO DISMISS (Docket No. 8) will be denied.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 27, 2010